FILED
JUL 15 2011
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JEFFERY J. LOUT, | Cause No. CV 11-35-H-DWM |
| Petitioner/"Appellant," | |
| vs. | ORDER OF DISMISSAL |
| STATE OF MONTANA, | |
| Respondent/"Appellee." | |

On July 14, 2011, Jeffery Lout filed a purported "Notice of Appeal" from a decision of the Montana Supreme Court. For lack of a better option, the Clerk of Court filed the "Notice" as a petition for writ of habeas corpus under 28 U.S.C. § 2254, but it is clear that Lout asks this Court to exercise appellate jurisdiction.

"[F]ederal district courts are courts of original, not appellate, jurisdiction." Gruntz v. County of Los Angeles, 202 F.3d 1074, 1078 (9th Cir. 2000) (en banc). As Lout knows, see Lout v. Mahoney, No. CV 05-67-M-DWM-LBE (D. Mont. filed May 2, 2005), he may obtain a federal court's review of his convictions and/or sentences by filing a petition for writ of habeas corpus. Forms for doing so are available at

1

Montana State Prison or, on request, from the Clerk of this Court. If he intends to challenge a conviction or sentence he has already challenged in a habeas petition, he knows he must apply to the Ninth Circuit Court of Appeals for leave to proceed with a second or subsequent petition. See "Notice of Appeal" at 3 (citing 28 U.S.C. § 2244(b) and Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curiam)). Lout's "Notice of Appeal" will not be construed as a new habeas petition because he makes no allegations that are cognizable in habeas. To the extent a certificate of appealability is required, it is denied. Lout falls far short of showing a violation of constitutional rights, 28 U.S.C. § 2253(c)(2). No reasonable jurist could believe this Court has appellate authority over the Montana Supreme Court.

Accordingly, IT IS HEREBY ORDERED that Lout's "Notice of Appeal" is DISMISSED. A certificate of appealability, if required, is DENIED. For the reasons set forth above, the Court CERTIFIES that any appeal from this disposition would be taken in bad faith. No motions for reconsideration, amendment, reopening, or anything else will be entertained. This case is CLOSED.

DATED this 15th day of July, 2011.

Donald W. Molloy
United States District Judge

2